In re John C. MOSBY, III, Trustee, under Trust Agreement dated February 21, 1966, for the benefit of John C. Mosby, III, Debtor,

John C. MOSBY, III, Trustee, under Trust Agreement dated February 21, 1966, for the benefit of John C. Mosby, III, Plaintiff,

v.

BOATMEN'S BANK of ST. LOUIS COUNTY formerly named Metro Bank/Clayton, Defendant,

and

A.R. Wishon, Intervenor.

No. 85–0666C(3).
Bankruptcy No. 84–01622(3).
Adv. No. 84–0330(3).

United States District Court,
E.D. Missouri, E.D.

Aug. 2, 1985.

Leslie A. Davis, Davis & Davis, Clayton, Mo., William J. Thone, St. Louis, Mo., for plaintiff.

Audrey G. Fleisseg, St. Louis, Mo., R. Brooks Kenagy, Steelville, Mo., for defendant.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on timely appeal from a final Order of the Honorable James J. Barta, Bankruptcy Judge for the United States District Court for the Eastern District of Missouri. *In Re Mosby*, 46 B.R. 175 (Bankr.E.D.Mo.1985.) This Appeal to the United States District is taken under authority of Rule 8001 of the Bankruptcy Rules providing for direct appeal of Bankruptcy Court decisions to the United States District Court and the provisions of 28 U.S.C. § 158(a) which provides that the United States District Courts shall have jurisdiction to hear appeals from final judgments, orders and decrees of Bankruptcy Judges.

By an Indenture of Trust dated February 21, 1966, John C. Mosby, as grantor, created a spendthrift trust for his son, John C. Mosby III, and his daughter, Mary Brockman. Under the terms of the Indenture, the trust assets were divided into two separate trusts: A Daughter's Trust, and a Son's Trust. John C. Mosby III was designated sole beneficiary and sole trustee of the assets of the Son's Trust. Each of the beneficiaries was granted the right to receive the income from his trust during his lifetime, and at the beneficiary's death, the trust assets, if any, were to be distributed to his descendants.

The initial trust assets consisted of 9,900 shares of common stock of the C.V. Mosby Company.

The Son's Trust did not hold any real property until 1975, at which time the trust obtained the property that is the subject of this proceeding. The parcels of real property, one of which had been the family farm, were given to the Son's Trust by John C. Mosby III in 1976 and 1978.

At the time of creation, the grantor was a Missouri resident and the Mosby Trust was executed in Missouri. The parcels of property are located in Cuba and Steelville, Missouri, and include approximately 3600 acres. The property was used for hog and poultry operations until the Trust ran into financial difficulties in 1981 and gradually ceased operations.

On August 26, 1982, John C. Mosby III as trustee under the Indenture, executed a promissory note made payable to Boatmen's Bank on September 1, 1983. The note was secured by deeds of trust on both parcels of property. The Trust defaulted on its payment obligations in September, 1983, and on May 25, 1984, Boatmen's foreclosed on the property.

On September 19, 1984, John C. Mosby III, trustee, filed a voluntary petition in bankruptcy on behalf of the Son's Trust seeking relief under Chapter 11. With this petition, the debtor also filed a complaint seeking a return of the property to the trust and obtained a temporary restraining order preventing Boatmen's from closing its scheduled resale of the property.

Boatmen's Bank and the Federal Land Bank, a creditor in the bankruptcy proceeding, thereafter filed motions to dismiss the adversary proceeding and the bankruptcy proceeding. After an evidentiary hearing, the bankruptcy court granted the motions and dismissed the bankruptcy proceeding. The plaintiff thereafter filed this appeal.

The Bankruptcy Code, per 11 U.S.C. § 109(d) defines a "person" eligible to file a Petition in Bankruptcy as an individual, a

partnership and a corporation. A corporation includes an unincorporated company or association, or a business trust. 11 U.S.C. § 101(8)

The Appellant is admittedly a trust and it is the Appellant's position that it is a "business trust." Boatmen's argues that the Mosby Trust is not a business trust, rather it is in form and practice a "family trust" and as such fails to qualify as an eligible person under 11 U.S.C. § 109. Appellant claims it is in practice and form a "business trust" which has operated as such.

The sole issue on the appeal before this Court is the status of the Debtor as a "person" under the provisions of 11 U.S.C. § 109(d). The Bankruptcy Court ruled that the Appellant, as a Debtor, lacked the appropriate characteristics to prosecute a Voluntary Petition for Reorganization under the provisions of Chapter XI of the Bankruptcy Code and consequently entered its Order dismissing the aforementioned Voluntary Petition.

It is well established that a business trust is something more than simply a trust that carries on a business. *Hecht v. Malley*, 265 U.S. 144, 44 S.Ct. 462, 68 L.Ed. 949 (1924). The distinguishing characteristics of a business trust include:

1. a trust created and maintained for a business purpose;
2. title to property held by trustees;
3. centralized management;
4. continuity uninterrupted by death among beneficial owners;
5. transferability of interests; and
6. limited liability.

*Morrissey v. Commissioner*, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263 (1935). Essentially, Congress included business trusts in the Bankruptcy Code definition of a corporation as a person because of their similarity to corporations. *See, Associated Cemetery Management Incorporated v. Barnes*, 268 F.2d 97 (8th Cir.1959).

The Bankruptcy Court below found as a matter of fact that the Mosby trust was created to preserve and protect certain assets for the benefit of members of the grantor's family. The Court also found that although the trustees were authorized to carry on business activities they were not required to do so. The court further found that the trust was established as a typical family trust rather than for the purpose of conducting a business in the manner of a corporation.

Findings of the bankruptcy court will not be set aside on appeal unless clearly erroneous. Bankruptcy Rule 8013. This Court finds the conclusions of the bankruptcy court in this matter are well supported by the record. Accordingly, the decision of the bankruptcy court that the trust created by John C. Mosby is not a business trust and not otherwise entitled to proceed as a debtor under the Bankruptcy Code and granting the motions to dismiss will be affirmed.