In re The **MILANI FAMILY IRREV-OCABLE TRUST**, Lucia Milani, As Trustee, Debtor.

Bankruptcy No. 86–01031–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

June 2, 1986.

Juan C. Zorrilla, Beasley, Olle, Downs & Keihner, Miami, Fla., for debtor.

Allen R. Tomlinson, Jones & Foster, P.A., West Palm Beach, Fla., for Competrol.

## ORDER DISMISSING CASE

THOMAS C. BRITTON, Chief Judge.

The motion (C.P. No. 6) of a secured judgment creditor to dismiss this chapter 11 case was heard on May 27.

■ Movant has argued that the petition was filed in bad faith to frustrate a foreclosure sale. I do not find, however, that the debtor had no intention nor possibility of salvaging any value from this property nor that it filed solely for the purpose of obstructing and delaying the foreclosure proceeding. Under these circumstances, I do not find that the petition was filed in bad faith.

■ Movant's primary ground is that the debtor is not a "business trust" and, therefore, is not a "person" authorized to file a petition under 11 U.S.C. § 109, § 101(33) and (8). The trust and the real property which constitutes the trust res are in Florida.

A "business trust, Massachusetts trust, or common-law trust," may be defined as an unincorporated business organization created by an instrument by which property is to be held and managed by trustees for the benefit and profit of such persons as may be or may become the holders of transferable certificates evidencing the beneficial interests in the trust estate. 8 Fla.Jur.2d, Business Relationships § 417.

A business trust is required in this state to comply with certain statutory requirements entitling it to a certificate from the Department of State. Chapter 609, Fla. Stat. (1985).

It is conceded that this trust was never registered as a business trust, that it has secured no occupational license to conduct business, and that the trust instrument was not drafted with the intention of providing for the issuance of transferable certificates. On the contrary, the trust was created by an individual who lived in Canada but owned some real property in Florida and who wished to provide for his wife and three children who reside in Florida. He intended to develop the oceanfront real property and to make money out of that development for the benefit of his four beneficiaries. His plans were frustrated because the zoning laws were changed. He has since tried, unsuccessfully, to sell the property to the county as a beach park and is still trying to sell the property. If he is successful, he will receive a real estate commission.

This is not a "business trust" as distinct from any other personal trust. The mere fact that the settlor intended to enhance the assets through commercial activity does not equate this entity with a corporation and, therefore, bring it within the scope of § 101(8). This debtor is not a "person" authorized to obtain bankruptcy relief under § 109. Accordingly, this case is dismissed. Dismissal is with prejudice.