**In re Robert A. JOHNSON, Trustee, aka/dba United Family Trust, Debtor.**

**Bankruptcy No. 87–04015–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Jan. 28, 1988.

Robert A. Johnson, Ft. Pierce, Fla., trustee.

Lester W. Jennings, Okeechobee, Fla., for debtor.

Theodore A. Jewell, Palm Beach, Fla., for First American Bank & Trust.

Daniel L. Bakst, West Palm Beach, Fla., for movant.

Richard D. Sneed, Jr., Ft. Pierce, Fla., Marta M. Suarez–Murias, West Palm Beach, Fla., Asst. U.S. trustee, for all Creditors.

## ORDER OF DISMISSAL

THOMAS C. BRITTON, Chief Judge.

A motion (CP 22) to dismiss this case for a bad faith filing, as supplemented (CP 24), filed by a major secured creditor, was heard January 26. At the hearing, the movant and the debtor announced that in view of certain concessions which the debtor is now willing to make to the movant/creditor, both parties would prefer that this court approve and enforce the concessions and disregard the supplemented motion. Because the supplemented motion correctly notes that this debtor is *not* eligible for relief in bankruptcy, a jurisdictional defect, I cannot disregard the motion, notwithstanding movant's preference that it secure the concessions now available to it.

The debtor is a family trust. Only a "person" is eligible for relief under chapter 7 or chapter 11. 11 U.S.C. § 109(b) and (d). The term "person" is defined in § 101(35) to include "individual, partnership, and *corporation,* but does not include governmental unit". The term "corporation" is defined by § 101(8)(A)(v) to include "business trust". It is clear that a non-business trust is not eligible for relief. 2 *Collier on Bankruptcy,* ¶ 101.35 (15th Ed. 1987). Compare the definition of "entity" which explicitly includes a "trust". § 101(14).

This debtor, therefore, is not eligible for relief unless it is a "business trust" and, therefore, included within the definition of a corporation.

Business trusts in Florida are regulated and are required to obtain a certificate from the Department of State. Chapter 609 *Fla.Stat.* (1987).

"A 'business trust, Massachusetts trust, or commonlaw trust', may be defined as an unincorporated business organization created by an instrument by which property is to be held and managed by trustees for the benefit and profit of such persons as may be or may become the holders of transferable certificates evidencing the beneficial interests in the trust estate." 8 *Fla.Jur.* 2nd, Business Relationships § 417.

This trust, domiciled in Florida, is not certificated as a business trust, nor does it meet the foregoing description of a "business trust". On the contrary, it is, as it is denominated, a family trust, with a fixed termination date, providing for immediate distribution before the termination date in the event that a beneficiary dies during the term of the trust. The rights and interests of the beneficiaries cannot be transferred. The uncompensated trustee's powers are restricted to the management and preservation of the settlor's assets placed in the trust. *See In re The Milani Family Irrevocable Trust,* 62 B.R. 6 (Bankr.S.D.Fla. 1986).

This bankruptcy petition is, therefore, dismissed. Dismissal is with prejudice to the filing of any bankruptcy petition by this debtor.