**In re WOODSVILLE REALTY TRUST, Debtor.**

**In re ASHLAND REALTY TRUST, Debtor.**

**In re HERITAGE HILL REALTY TRUST, Debtor.**

**Bankruptcy Nos. 90–664 to 90–666.**

United States Bankruptcy Court, D. New Hampshire.

June 29, 1990.

Nathan T. Foose, Grenville Clark, Manchester, N.H., for debtor.

Anne G. Scheer, Gallagher, Callahan & Gartrell, Concord, N.H., for Bank of New England.

Geraldine L. Brotherton, Boston, Mass., U.S. Trustee.

MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

Creditor Bank of New England has filed a motion to dismiss, which raises the same issue as this court's contemporaneous order to show cause re dismissal as non-qualified debtor, *viz*, whether these trusts are "business trusts" within the meaning of the Bankruptcy Code. This Court has jurisdiction under 28 U.S.C. § 157(b)(2)(A), and

---

the general reference order dated February 11, 1985 by the U.S. District Court for New Hampshire. A hearing was held on June 18, 1990, and I then took the matter under submission.

Each of the three trusts holds one parcel of real estate from which the trust receives rental income. The Woodsville Realty Trust owns a brick building consisting of eight commercial units and twelve residential rental units located in Woodsville, New Hampshire. The Ashland Realty Trust owns a building consisting of three commercial units and twenty residential rental units located in Ashland, New Hampshire. The Heritage Hills Realty Trust owns a complex of buildings consisting of two six family houses, one single family house, and five townhouses located in Plymouth, New Hampshire. (The Ashland building also has a laundry room, and all of the trusts own various appliances on the property.)

All of the trust property is managed by Shepard Management Company. The company collects rents, advertises for rental space, controls the checkbook (the trustee also has signatory power over the checkbook but has never used it), gives a weekly report to the trustee, and maintains the properties. The trustee visits the properties sporadically.

The trustee of all three trusts is Melvin Zimelman. The beneficiaries of the trusts are Melvin Zimelman and his wife Donna Zimelman. The trusts were acquired in 1988 and 1989.

The trusts are all nominee trusts. The trust documents of each trust provide:

> ... the Trustees shall have no power to deal in or with the Trust Estate, except as directed from time to time by all of the beneficiaries and as evidenced by a

recorded Certificate pursuant to Paragraph 5 hereunder.

The trust documents of each trust also provide that the interests of the beneficiaries, which are not contained in certificates but are listed in a "Schedule of Beneficiaries" held by the trustees, shall not be transferable. They provide:

> The interest of any beneficiary hereunder shall not be anticipated, alienated, or in any way assigned by such beneficiary and shall not be subject to any legal process, bankruptcy proceedings or the interferences or control of creditors or others.

Finally, the trust documents provide for a fixed termination date. They state:

> The Trust may be terminated at any time by any beneficiary hereunder by notice in writing delivered to the Trustees ... or the Trust shall terminate in any event twenty (20) years from the date hereof, whichever may occur first.

## DISCUSSION

Section 109(d) of the Code provides that "[o]nly a person that may be a debtor under Chapter 7 ... may be a debtor under Chapter 11." Section 101(35) defines a person to include an "individual, partnership, and corporation." Section 101(8)(A)(v) provides that "corporation" is defined to include a "business trust". There is no definition of "business trust." [1] However, since this entity is defined as a type of corporation, it is logical to assume that this entity should have attributes of a corporation. This is precisely what many bankruptcy courts have held. For example, Judge Hill, In *In re Ralph Faber Trust*, 113 B.R. 599 (Bankr.D.N.D.1990) in reviewing the history of this provision, recently stated:

---

1. However, the legislative history of the Bankruptcy Code discusses the definition of "corporation" in general:

The definition of "corporation" in paragraph (8) is similar to the definition in current law, section 1(8). The term encompasses any association having the power or privilege that a private corporation but not an individual or partnership, has; partnership associations organized under a law that makes only the capital subscribed responsible for the debts of the partnership; joint-stock company; unincorporated company or association; and business trust.

S.Rep. No. 989, 95th Cong., 2nd Sess. 22, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5808. *See also* H.R.Rep. No. 595, 9th Cong., 1st Sess. 309 (1977) (containing identical language), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6266.

The inclusion of a business trust in the definition of a "corporation" and the distinction between business trusts and non-business trusts is not new. Section 1(8) of the former Bankruptcy Act provided that the term "corporation" include any business conducted by trustees providing the beneficial or ownership interest is evidenced by a certificate or other written instrument. 11 U.S.C. s 1(8). In *Associated Cemetery Management, Inc. v. Barnes*, 268 F.2d 97, 103 (8th Cir. 1959), the circuit believed that the only trusts included by section 1(8) in the definition of "corporation" were those which were associations of beneficiaries formed for the purpose of conducting business. The sense was that organizations, whether incorporated or not, are regarded as within the scope of a corporation for bankruptcy purposes if they are associations of persons joined together for a common business or commercial purpose and which have conducted their affairs *in a fashion reminiscent of a corporation. Pope & Cottle Co. v. Fairbanks Realty Trust*, 124 F.2d 132, 134 (1st Cir. 1941). (emphasis added)

Similarly, in *In re Constitutional Trust*, 114 B.R. 627 (Bankr.D.Minn.1990), Judge Kressel stated:

> "Congress included business trusts in the Bankruptcy Code definition of a corporation as a person because of their similarity to corporations." (quoting *In re Mosby*, 61 B.R. 636, 638 (E.D.Mo. 1985), aff'd 791 F.2d 628 (8th Cir.1986).

This principle was also stated in *In re Armstead and Margaret Wayson Trust*, 29 B.R. 58, 59 (Bankr.D.Md.1982) as follows:

> Generally, trusts are not eligible for relief in the bankruptcy court.... The exception to this is the business trust that is in the nature of a corporation.

> &ast; &ast; &ast; &ast; &ast; &ast;

A business trust has been defined as "an unincorporated business organization created by an instrument by which properties to be held and managed by trustees for the benefit and profit of such persons as may be or may become the holders of transferrable certificates evidencing the beneficial interests in the trust estate." Ann. 88 A.L.R.3rd 704, 717. The business trust is a voluntary pooling of capital by a number of people who are the holders of freely transferrable certificates evidencing beneficial interests in the trust estate. The holders are entitled to the same limitation of personal liability extended to stockholders of private corporations. Because of the similarity, Congress has afforded the business trust the same privileges in bankruptcy as a private corporation.

Other courts have also stated that only trusts that are like corporations qualify as "business trusts." See, e.g. *In re North Shore Nat'l Bank of Chicago*, 17 B.R. 867, 870 (Bankr.N.D.Ill.1982); *In re Cahill*, 15 B.R. 639, 639–640 (Bankr.E.D.Pa.1981).

Judge Gabriel in this Circuit recently explained the appropriate approach to nominee trusts in *In re Village Green Realty Trust*, 113 B.R. 105 (Bankr.D.Mass.1990):

> Since the Code defines a corporation to include a business trust, it stands to reason that a business trust should have at least some of the indicia of a corporation and be more than a mere agency.... It is not this Court's intention to look behind the trust to find an eligible debtor in the form of the beneficiary.

■ I adopt the general approach by Judge Gabriel and the other judges cited above to the effect that a business trust must have at least some of the attributes of a corporation to qualify as a bankruptcy debtor.[2] These nominee trusts are not "corporations" from that viewpoint. This conclusion is explained in greater detail below. But I first want to acknowledge that I am modifying my decision in *In re*

---

**2.** I disagree, however, with the further conclusion of Judge Gabriel in *In re Village Green Realty Trust, supra,* that the federal definition is controlled by state law. In my view, in the absence of my explicit contrary Congressional intent, the Bankruptcy Code definition of qualified trust debtors was to be developed on a uniform national basis by case-by-case adjudication.

*Gonic Realty Trust,* 50 B.R. 710 (Bankr.D. N.H.1985). That opinion can be read as holding that if a nominee trust is conducting business, it qualifies as a "business trust." Many courts have subsequently issued opinions on trusts, although not necessarily involving nominee trusts, that take a similar approach. See, e.g., *In re Medallion Realty Trust,* 103 B.R. 8 (Bankr.D. Mass.1989); *Matter of Captran Creditors Trust,* 53 B.R. 741 (Bankr.M.D.Fla.1985); *In re Arehart,* 52 B.R. 308 (Bankr.M.D.Fla. 1985). Other courts, in deciding cases involving trusts generally, have taken a more restrictive approach. See, e.g., *In re St. Augustine Trust,* 109 B.R. 494 (Bankr.M. D.Fla.1990); *In re Vivian Skaife Irrevocable Trust Agreement,* 90 B.R. 325 (Bankr.E.D.Tenn.1988). These later cases tend to require a trust to have specific features that resemble a corporation.[3] Upon reflection, I now modify my prior decision in *In re Gonic, supra,* because I agree "the mere fact that the trust happens to engage in business activities does not therefore make it a 'business trust.'" *In re St. Augustine Trust, supra* at 496; see also *In re Skaife Irrevocable Trust Agreement, supra* at 328. This approach, which I shall apply to all trusts, not just nominee trusts, more closely comports with Congress' intent to only include trusts that resemble corporations as business trusts.[4]

■ The trusts in this case do not have enough of the attributes of a corporation to qualify as a "business trust." The defects include: the beneficiaries controlling the trustee; the beneficial interests not being transferable; a fixed termination date, see *In re Johnson,* 82 B.R. 618, 619 (Bankr.S. D.Fla.1988); and, the lack of any outside "investors", see *In re Margaret E. DeHoff Trust I,* 114 B.R. 189 (Bankr.W.D.Mo.1990); *In re St. Augustine Trust, supra* at 495; *In re Medallion Realty Trust, supra,* at 11; see also *In re Universal Clearing House Co.,* 60 B.R. 985, 991 (D.Utah 1986). Indeed, the debtor has failed to show *any* significant attributes of a corporation in the structure and operation of this trust.

It should be noted on the transferability point that transferability was universally recognized as a characteristic of business trusts at the time of the adoption of the Code. See generally 13 Am.Jr.2d Business Trusts (1964); Annotation, "Modern Status of the Massachusetts or Business Trust," 88 A.L.R.3d 704 (1978); *Pope & Cottle Co. v. Fairbanks Realty Trust,* 124 F.2d 132 (1st Cir.1941).

My decision in *In re Gonic, supra,* may be read as conflicting with my present conclusion because there I stated that the Code's deletion of the Act's reference to trusts "wherein beneficial interest or ownership is evidenced by certificate or other written instrument," Bankruptcy Act § 1(8), meant that "the lack of transferable shares by numerous beneficiaries is no longer a relevant factor for decision." *Id.* at 713. That was an overstatement. Transferable *certificates* are no longer relevant, but transferability *per se* is still relevant to the concept of an entity akin to

3. These cases often rely to some extent on a tax case, *Morrissey v. Commissioner,* 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263 (1935), which defined necessary elements of a business trust for Internal Revenue Code purposes. See, e.g., *In re Constitutional Trust,* 114 B.R. 627 (Bankr.D. Minn.1990); *In re Mosby,* 61 B.R. 636, 638 (E.D. Mo.1985); *In re Hays,* 65 B.R. 665, 668 (Bankr. D.Neb.1986). While I agree with the results of those cases I do not agree that IRC cases are particularly relevant for Bankruptcy Code purposes.

4. The Court notes that the District Court for this district, in *In re 640 Harvard Street Trust,* slip op., 1990 WL 176100 (D.N.H. February 14, 1990), in determining a trust to be a qualified debtor, stated in passing that if the trust's purpose "was the making of a profit" then it was unnecessary to have the characteristics of a corporation required by federal income tax law to qualify as a business trust. However, that statement does not appear to be necessary for the decision in that case because the trust there involved had certain characteristics of a corporation in that the trustee, which had title, controlled the operation of the trust, and had no beneficial interest; there were a number of unrelated "investors" as beneficiaries of the trust; the beneficiaries merely received the profits; the trust clearly was conducting business; and there was no evidence the beneficial interests were not transferable. Moreover, as indicated above, the distinctions drawn for IRC purposes should not be considered binding for Bankruptcy Code purposes in any event.

a "corporation" for federal Bankruptcy Code purposes.

It is not surprising that every case that has involved a restriction on the transferability of the beneficiaries' interest, whether a nominee trust or not, has held the trust did not qualify as a debtor. See *In re St. Augustine Trust, supra; In re Johnson, supra; In re Armstead and Margaret Wayson Trust, supra; In re Walker,* 79 B.R. 59 (Bankr.M.D.Fla.1987); *In re The Milani Family Irrevocable Trust,* 62 B.R. 6 (Bankr.S.D.Fla.1986); *In re L & V Realty Trust,* 61 B.R. 423 (Bankr.D.Mass 1986).[5]

### CONCLUSION

In short, I must conclude as Judge Shapiro did in *In re Ophir Trust,* 112 B.R. 956, 960 (Bankr.E.D.Wis.1990):

> There is an old adage that, "if it walks like a duck, quacks like a duck and looks like a duck, it has to be a duck." ... Here the Ophir Trust may look like a duck, but it neither walks nor quacks like a duck.... it is not a business trust within the meaning of Section 101(8) of the Bankruptcy Code.

Janet H. Stratton, Updike, Kelly & Spellacy, P.C., Hartford, Conn., for debtor.

Danforth Cardozo, III, Sp. Asst. Atty. Gen., Vermont Dept. of Taxes, Montpelier, Vt., for State of Vt., claimant.

---

**5.** Many of these cases involve the operation of a business, yet that did not stop a court from finding that it was not a business trust. As one court noted "the mere fact that the settlor in-

tended to enhance the assets through commercial activity does not equate this entity with a corporation." *In re The Milani Family Irrevocable Trust, supra,* at 7.