**In re PARADE REALTY, INC., EMPLOYEES RETIREMENT PENSION TRUST, Debtor.**

**Bankruptcy No. 91–00644.**

United States Bankruptcy Court, D. Hawaii.

Nov. 4, 1991.

Bruce Bigelow, David Farmer, Honolulu, Hawaii, for GECC.

Ke–Ching Ning, Honolulu, Hawaii, for New American Business.

Curtis Ching, Honolulu, Hawaii, U.S. Trustee.

Shannon Wack, Honolulu, Hawaii.

John Chanin, James Agena, Honolulu, Hawaii, for debtors.

## FINDINGS OF FACT AND CONCLU-
## SIONS OF LAW
## RE: MOTION TO DISMISS

JON J. CHINEN, Bankruptcy Judge.

This case is before the court on a motion to dismiss the debtor's chapter 11 petition on the ground that the petitioning trust is not a "person" qualified to be a debtor under the federal Bankruptcy code. The motion for dismissal was filed by GECC Financial Corporation ("GECC") on September 18, 1991. The debtor trust contends that it is a business trust, and thus eligible for the protections of the bankruptcy code.

A hearing was held on October 18, 1991, at which hearing John Chanin, Esq. and James Agena, Esq. appeared on behalf of the debtor trust, accompanied by Alfred Anthony, the trustee of the debtor. Bruce Bigelow, Esq. and David C. Farmer, Esq. appeared on behalf of GECC. Also present were Ke–Ching Ning, Esq., representing New American Business, Curtis Ching, Esq., of the Office of the United States Trustee, and Shannon Wack, Esq., representing various individuals. At the conclusion of the hearing, the court orally ruled that the debtor trust was not a business trust, primarily because of the lack of transferability of interest. Because this issue is one of first impression in the District of Hawaii, this Court now renders the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Parade Realty Inc., Employees Retirement Pension Plan Trust ("Parade Trust") was created in 1980 by Alfred Anthony ("Anthony") for purposes chiefly related to the tax advantages offered by such a trust. The trust was organized under a plan formulated by a company called Manufactures Hanover.

2. Anthony was appointed as trustee and was also sole beneficiary of the trust from the time of its' creation in 1980. Anthony is also the sole employee of the trust.

3. Parade Trust currently holds title to a 53-lot cluster of real property in Aiea, Hawaii, valued at approximately $7.9 million. This property was financed through GECC by a mortgage loan of $2.5 million, secured by the property that was purchased. Parade Trust was previously engaged in the sale and exchange of stocks and certificated securities and also in investment in real property ventures.

4. Anthony has become embroiled in several litigations: (1) with those who had sold him the 53 lot cluster of real property; (2) with the financier of his purchase of the real property (GECC); (3) with New American Business, to whom he had sold the real property; and (4) with certain individuals who claim that they have an easement on the real property.

5. The instant bankruptcy petition was filed after a state court had granted the Motion for Summary Judgment and Interlocutory Decree of Foreclosure filed by GECC.

6. Parade Trust claims it is a business trust because it has conducted business, both in the selling and buying of stocks and certificates, and has also engaged in some real estate development. Parade Trust also cites certain language in the trust document which it believes lends support to its position.

7. GECC contends that Parade Trust is not a business trust because of the lack of transferability of beneficial interests, the fact that all management positions in the company, including trustee, beneficiary, and sole employee, are held by one individual, Anthony. GECC also notes that there are no other investors than Anthony.

To the extent that these Findings of Fact constitute Conclusions of Law, they shall be so deemed.

## CONCLUSIONS OF LAW

■ In determining whether Parade Trust qualifies to be a debtor, we first look to the Bankruptcy Code. 11 U.S.C. Section 101(13) defines a debtor as: "A person or municipality concerning which a case under this title has been commenced." Section 101(41) of the code defines person under the code: " 'Person' includes individual, partnership, and corporation ..." 11 U.S.C. Section 101(41) (1991). Finally, section 101(9) includes, under the definition of Corporation, "Business Trust." 11 U.S.C. 101(9). However, there is no definition or explanation of the term business trust, nor are there any legislative comments giving guidance to the interpretation of that term.

The language of the Bankruptcy Act, prior to the amendment in 1978, was more explicit in defining the term "business trust." Section 1(8) of the Act defined "corporations" to include "any business conducted by a trustee or trustees wherein beneficial interest or ownership is evidenced by certificate or other written instrument." See *In Re Gonic Realty Trust*, 50 B.R. 710. However, since the modern Code has no definition of the term "business trust" and its legislative history fails to define that term, to determine whether a given trust will qualify as a business trust, we must look to case law.

No case from the Ninth Circuit has been cited to this court discussing the requirements of a business trust. And the Court has not been able to find any in its extensive research. Thus, the Court turns to cases in other jurisdictions.

In the states of New Hampshire and Massachusetts, there exist abundant case law that addresses the issue before the court. Especially persuasive is a series of cases decided in New Hampshire by the Honorable Judge James E. Yacos, in which he has developed a logical approach to the determination of whether a trust qualifies for the protection of the bankruptcy code as a business trust.

*In re Gonic Realty Trust*, 50 B.R. 710 (Bankr.N.H.1985) was the first in a series of three cases in which the business trust was examined in depth. *Gonic* involved a trust which operated a mill complex which housed various commercial and industrial tenants. The trust was collecting rent and maintaining the mill complex, not merely preserving property as is the normal function of a simple trust. In addition, the trust had several beneficiaries, who invested their money in the ongoing trust activity, and their beneficial interests were freely transferable. The interests themselves were evidenced only by the trust document itself, but those interests, by the language of the document, were transferable. And, the trust documents themselves empowered the trustee to take all actions necessary to hold, preserve and manage all real and personal property owned by the trust, as well as to "conduct the business of the trust and execute written instruments." Also, the trust document gave the trustee the power to grant leases and mortgages on any part of the trust property, and to make any composition or arrangement with tenants or debtors or creditors of the trust property. Finally, the instrument also authorized the trustee to pay all expenses incurred or arising in connection with the trust or the trust property. Based on these factors, including an ongoing business, transferable beneficial interests, and the independence of the trustee, the *Gonic*

court found that the trust in question was a business trust.

In the second case in which he dealt with the salient features of a business trust, Judge Yacos held that a business trust must have at least some of the attributes of a corporation to qualify as a bankruptcy debtor. *In re Woodsville Realty Trust,* 120 B.R. 2 (Bankr.N.H.1990). In *Woodsville,* Judge Yacos rationalized that, since the bankruptcy code includes business trusts within the definition of a corporation, it is logical and reasonable that the trust in question should contain some of the characteristics of a corporation.

Several cases have supported this line of reasoning that, to qualify as a "business trust", the trust must contain some characteristics of a corporation. In *In re Ralph Faber Trust,* 113 B.R. 599 (Bankr. D.N.D.1990), the Court held that "organizations whether incorporated or not, are regarded as within the scope of a corporation for bankruptcy purposes if they are associations of persons joined together for a common business or commercial purpose and which have conducted their affairs in a fashion reminiscent of a corporation." *In re Village Green Realty Trust,* 113 B.R. 105 (Bankr.D.Mass.1990), held that "Since the Code defines a corporation to include a business trust, it stands to reason that a business trust should have least some of the indicia of a corporation and be more than a mere agency ...". See, also e.g. *In re Cahill,* 15 B.R. 639, 639–640 (Bankr. E.D.Pa.1981), *In re Mosby,* 61 B.R. 636, 638 (E.D.Mo.1985).

In *Woodsville,* the Court enumerated the defects in the subject trust that led to denial of the protection of the Bankruptcy Code: "The defects include: the beneficiaries controlling the trustee; the beneficial interests not being transferable; a fixed termination date; and the lack of any outside investors." The *Woodsville* Court also commented that, while transferable certificates evidencing the beneficial interests of the trust were not necessary, "transferability per se is still relevant to the concept of an entity akin to a corporation for federal Bankruptcy Code pur-

poses." The Court further commented that "it is not surprising that every case that has involved a restriction on the transferability of the beneficiaries interest, whether a nominee trust or not, has held that the trust did not qualify as a debtor." See also *In re St. Augustine Trust,* 109 B.R. 494 (Bankr.M.D.Fla.1990); *In re Armstead and Margaret Wayson Trust,* 29 B.R. 58 (Bankr.D.Md.1982); *In re L & V Realty Trust,* 61 B.R. 423 (Bankr.D.Mass. 1986).

Finally, in *Woodsville,* the Court discussed the two different opinions regarding business trusts. The traditional opinion is essentially represented by the holding of the *Woodsville* case, that there are specific characteristics that must be found in a business trust, so as to restrict the protections of the bankruptcy code only to certain qualifying trusts. The less restrictive view is that a trust can be classified as a business trust if it merely conducts business. See, e.g. *In re Medallion Realty Trust,* 103 B.R. 8 (Bankr.D.Mass.1989); *Matter of Captran Creditors Trust,* 53 B.R. 741 (Bankr.D.Fla.1985). The Court commented in *Woodsville* that, mere business activities carried on by a trust does not make it a business trust, because "This approach, which ... shall apply to all trusts, not just nominee trusts, more closely comports with Congress' intent to only include trusts that resemble corporations as business trusts." *Woodsville* at 5.

In the most recent New Hampshire case, the Court held that, to qualify as a business trust, the trust must not only be doing business and have some of the significant attributes of a corporation but also must have been formed primarily for a business purpose. *In re BKC Realty Trust,* 125 B.R. 65 (Bankr.D.N.H.1991). In *BKC,* the trust was created for the purpose of giving a family gift to beneficiaries who contributed no capital and were closely related to the trustee. Citing the case of *Pope & Cottle v. Fairbanks Realty Trust,* 124 F.2d 132 (1st Cir.1941), which held that business trusts involve "unincorporated associations of persons joining together at least in part for some common business or commercial purpose, and conducting their affairs some-

what after the pattern of corporations", the *BKC* court held that, in order for a trust to be a business trust it must be established for a business purpose. The express purpose of the trust in *BKC* was to hold the properties of the trust for the benefit of the beneficiaries; thus, the trust was not considered a business trust, but a family trust.

The issue of transferability was also discussed by the *BKC* court: "Transferability was not a contemplated occurrence when this trust was executed, or if it was, the transfer would occur only between family members." The Court found it unnecessary to explore further the trust's attributes since it was deciding the case based on the requirement of a business purpose.

This Court finds persuasive the body of law represented by the cases decided in the New Hampshire Court which have set forth the requirements of a business trust, namely 1) the trust must be actively engaged in and doing business, 2) the trust must have some of the significant attributes of a corporation, primarily the transferability of interests in the trust, and 3) the trust must have been formed primarily for a business purpose.

 This Court follows the view that to qualify as a business trust, the trust must have the attributes of a corporation, especially the transferability of interests.

In Parade Trust, there is specific language which prohibits the transferability of the beneficial interests. Section 28.04 of the trust reads, "No benefits under this Trust shall be in any manner anticipated, alienated, sold, transferred, assigned, pledged, encumbered, or charged and any attempts to so anticipate, alienate, sell, transfer, assign, pledge, encumber or charge the same shall be void."

The importance of the transferability of the interests of a business trust cannot be overemphasized. Even the Internal Revenue Code lists transferability among the six elements it uses to characterize a trust as a business trust. *Morrissey v. Commissioner*, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263 (1935). While transferability need not be evidenced by actual certificates, the ben-

eficial interests in any purported business trust must be transferable. Without transferability, the trust herein fails to fall within the realm of a business trust.

Another factor which negates Parade Trust being considered a business trust is the fact that there are no outside "investors" or participants involved with the trust other than Anthony. This same defect was a motivation for Judge Yacos to rule that the trust in the *Woodsville* was not a business trust.

The lack of transferable interests and the lack of outside investors or participants in Parade Trust show that it does not have the requisite attributes of a corporation to be identified as a business trust.

Having found that, because of the lack of attributes of a corporation, Parade Trust does not qualify as a business trust, this Court finds it unnecessary to discuss the other two elements considered necessary to qualify as a business trust. Parade Trust not qualifying as a business trust, the Court hereby dismisses this case.

An Order will be issued forthwith.