In re **SUNG SOO RIM IRREVOCABLE INTERVIVOS TRUST,** Debtor.

**Bankruptcy No. LA–94–31034–LF.**

United States Bankruptcy Court, C.D. California.

Jan. 18, 1995.

---

Adam J. Bass, William P. Fong, Buchalter, Nemer, Fields & Younger, Los Angeles, CA, for Long Beach Bank, F.S.B.

Lawrence R. Young, Law Offices of Lawrence Young, Downey, CA, for debtor.

## OPINION RE DISMISSAL OF CASE UNDER 11 U.S.C. § 109(d)

LISA HILL FENNING, Bankruptcy Judge.

■ The sole issue before this Court is whether a spendthrift trust qualifies as an eligible debtor under 11 U.S.C. § 109(d).[1]

---

1. All statutory references herein are to 11 U.S.C. §§ 101–1330 (1994) (the "Bankruptcy Code"), unless otherwise noted.

Because the trust in question was not created for business purposes and does not constitute a "business trust" under California law, this Court holds that it is not eligible to file a bankruptcy case. Therefore, dismissal of the debtor's bankruptcy petition is appropriate.

## I. FACTS

In June 1994, the Sung Soo Rim Irrevocable Intervivos Trust (the "Trust") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Trust was created in November 1993 under California law by Hyun Young Rim and his wife as settlors for the benefit of Sung Soo Rim, a minor, under the control of an appointed trustee, Charles Rim. Intended to provide for Sung Soo Rim's health care, education, maintenance and support, the Trust terminates upon the beneficiary's death. Upon termination, any remaining assets are to be distributed to specified individuals and heirs. The Trust Agreement leaves decisions about the use of principal assets to the discretion of the trustee, who is granted all the powers authorized under the Uniform Trustees' Powers Act or similar laws enacted in California. *See* Cal.Prob.Code §§ 16200–16249 (West Supp.1994) (adopting substance of the Uniform Trustees' Powers Act). The Trust's terms forbid any transfer or encumbrance of any interest in the principal or income before its actual receipt by the sole beneficiary. In other words, this trust has all of the traditional elements of a spendthrift trust.

The Trust's only asset was a multi-unit retail complex that was facing imminent foreclosure when the Rims transferred it to the Trust.

This came before this Court on an Order to Show Cause entered on June 22, 1994, which the United States Trustee supported, a secured creditor joined, and the debtor did not oppose. Because eligibility of trusts to file bankruptcy is a reoccurring issue before this Court, clarification of the appropriate standards is warranted.

## II. DISCUSSION

### A. *Standards for Eligibility For Relief Under The Bankruptcy Code.*

Section 109 of the Bankruptcy Code sets forth the limitations on who may be a debtor.

Section 109(a) establishes the threshold requirement that:

> only a *person* that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title.

(Emphasis supplied). "Person" is defined in § 101(41) to include any "individual, partnership, and corporation, but does not include governmental units...." Nor does it include trusts. Trusts and governmental units are expressly encompassed within the broader term, "entity," defined in § 101(15). By limiting eligibility to "persons," rather than "entities," Congress intentionally excluded trusts as a category from filing bankruptcies. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 313 (1977), S.Rep. No. 989, 95th Cong., 2d Sess. 25 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5811, 6270.

"Business trusts," however, may file bankruptcy petitions, because they are expressly included within the statutory definition of "corporation" set forth in § 101(9)(A)(v). They are therefore "persons" eligible to be debtors. The Bankruptcy Code, however, does not define the term "business trust."

How, then, can one tell whether a particular trust is a "business trust," as opposed to some other kind of trust, for purposes of eligibility under the Bankruptcy Code? Analysis of existing case law reveals no controlling precedent that provides a definitive answer to this question. The Ninth Circuit has not addressed this issue. Indeed, only one circuit has ruled on this question. *See In re Secured Equipment Trust of Eastern Air Lines, Inc.,* 38 F.3d 86 (2d Cir.1994). That case involved a fleet of commercial aircraft placed into a trust to secure the repayment of lenders. After canvassing many of the reported bankruptcy decisions on "business trusts," the Second Circuit held that a trust established for this purpose, and not to generate a profit, is not an eligible debtor, regardless of whether the trust was engaged in a business. The Second Circuit's subjective analysis, however, yields no rule of decision that provides any guidance for other courts. Indeed, as noted by the dissent, the

trust in question qualified as a business trust under New York corporations law, and should therefore qualify as a debtor under the Bankruptcy Code. *Id.* at 92 (Kearse, C.J., dissenting). Finding the majority opinion unpersuasive, this Court declines to follow it.

A recent decision of the Bankruptcy Appellate Panel reiterated the basic premise that a non-business trust cannot be a debtor. *In re Hunt,* 160 B.R. 131 (9th Cir. BAP 1993) (Rossmeissl, J.). That case involved an intervivos trust established to avoid probate following the death of the settlor. Having successfully avoided probate but facing foreclosure, the trustee/heir put the trust into Chapter 11. The Bankruptcy Appellate Panel affirmed the dismissal of the case on the grounds that the trust did not qualify as a "business trust" and was therefore not an eligible debtor. This Court agrees with *Hunt.* However, the *Hunt* opinion provides no guidance on the key question of what *is* a "business trust," as the Bankruptcy Appellate Panel simply assumed without analysis that the Hunt trust was a non-business trust.

■ Given the absence of a Bankruptcy Code definition, this Court must look to applicable state law relating to the formation of legal entities for guidance. The first step is to determine whether state law recognizes a separate type of entity called a "business trust." As set forth below, California does recognize such an entity. The second step is to determine whether the trust in question formally qualifies as a "business trust" under the relevant state law requirements. In this case, the Rim Trust does *not* satisfy the formal requirements of California law governing business trusts.

■ The inquiry could stop here. That would be appropriate if the determination of formal compliance with state law requirements were to be given conclusive effect on the issue of eligibility, as would be the case if the issue were the creation or definition of enforceable property rights. On substantive

rights, state law governs and binds federal bankruptcy courts. *See Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). But the availability of access to the federal bankruptcy courts and the availability of bankruptcy relief itself are ultimately questions of federal, not state, law. Standing to file a bankruptcy case—which is what "eligibility" really means—is a procedural question, not a substantive one. *Cf. Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The states have no right to open or close the door to federal bankruptcy relief. U.S. Const. art. I, § 8, cl. 4; *see Int'l Shoe Co. v. Pinkus,* 278 U.S. 261, 265, 49 S.Ct. 108, 110, 73 L.Ed. 318 (1929) ("States may not pass or enforce laws to interfere with or complement the Bankruptcy Act or to provide additional or auxiliary regulations."). Therefore, this Court must examine the nature and function, as well as the form, of the entity at issue. In effect, the determination of whether a debtor is a "business trust" under state law is given the status of a rebuttable presumption which must be tested against the fundamental federal purpose of the restrictions on eligibility to file a bankruptcy petition.

### B. The Rim Trust Does Not Qualify as a "Business Trust" Under California Law.

The Rim Trust was created under California law. California law recognizes "business trusts" as a type of profit-oriented, limited liability business entity, regulated under the California Business and Professions Code. Cal.Bus. & Prof.Code § 14001 (West 1987). Trustees of business trusts hold legal title with complete power of management. The creators of the trust share in the profits.[2] *Goldwater v. Oltman,* 210 Cal. 408, 416, 292 P. 624 (1930). California tax law taxes business trusts as corporations. Cal.Rev. & Tax. Code § 23038 (West 1992). Business trusts must comply with the fictitious name statutes. *See Kadota Fig Ass'n v. Case–Swayne*

---

2. "Business trusts" are defined in the California Revenue and Taxation Code to include:

every business organization consisting essentially of an arrangement whereby property is conveyed to one, or more than one, trustee for purposes other than the mere conservation of assets, collecting and disbursing of fixed or periodic income, or the securing of an obligation.

Cal.Rev. & Tax.Code § 23038(b) (West 1992).

*Co.*, 73 Cal.App.2d 796, 804, 167 P.2d 518 (3rd Dist.1946) (failure of a "business trust" to comply with fictitious name statutes results in abatement of its right to sue). Trustees of business trusts enjoy limited liability. *See Engineering Serv. Corp. v. Longridge Inv. Co.*, 153 Cal.App.2d 404, 409, 314 P.2d 563 (2nd Dist.1957).

Under California law, "business trusts" are *by definition* entirely distinct from "trusts" created under the California Probate Code. The Probate Code expressly excludes from its scope trusts that are "taxed as partnerships or corporations." Cal.Prob.Code § 82(b)(6) (West 1991). Traditional trusts established to protect or preserve property are usually created as part of estate planning and are subject to state probate law and probate court supervision.

In this case, the Trust Agreement incorporates by reference the Uniform Trustees' Powers Act and the California Probate Code. Cal.Prob.Code §§ 16200–16249 (West Supp. 1994). By contrast, there is no evidence that the Rim Trust was taxed as a partnership or a corporation under California law; that it was authorized to, or actually was, doing business; or that it had complied with California's fictitious name statutes, as would be required of a "business trust." Under the circumstances, the Rim Trust is not a formal "business trust" under California law.

## C. *The Non-business Nature of the Rim Trust Renders it Ineligible To Be a Bankruptcy Debtor.*

■ Even though the Rim Trust is not a "business trust" under California law, this Court must look beyond the label selected by the debtor to determine whether to extend the protection of the Bankruptcy Code. *See In re Village Green Realty Trust*, 113 B.R. 105, 110 (Bankr.D.Mass.1990) (Gabriel, B.J.) ("Where the trust appears to be created solely for the benefit of family members and does not involve any "business" as that term is commonly understood, or unsecured creditors, it is ineligible to be a debtor regardless of what it is labeled."). In general, business trusts have been characterized as a form of quasi-corporation which apparently first developed under Massachusetts law. *Hecht v.*

*Malley*, 265 U.S. 144, 146, 44 S.Ct. 462, 463, 68 L.Ed. 949 (1923).

■ Much of the early federal case law on business trusts involved tax issues. See *Morrissey v. Commissioner of Internal Revenue Service*, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263 (1935), and its progeny. These cases distinguish business trusts from other trusts primarily according to their purpose: the usual purpose of a "business trust" is not to hold and conserve property, as with traditional trusts, but rather to provide a convenient medium to transact business and share profits. *Morrissey*, 296 U.S. at 357, 56 S.Ct. at 295.

The Internal Revenue Code's definition of corporation includes the term "association," which in turn encompasses "business trust." 26 U.S.C. § 7701(a)(3) (1994). *See Morrissey*, 296 U.S. at 357, 56 S.Ct. at 295 (construing "association" to include business trusts when the trust's purpose and nature is to conduct business and share in its gains); *Bank of Am. Nat'l Trust & Sav. Ass'n v. United States*, 552 F.2d 876, 877 (9th Cir. 1977) (holding that, under *Morrissey*, the subject trust was an "association" within the meaning of the Internal Revenue Code).

*Morrissey* defined a trust as a "business trust" for federal income tax purposes where the following corporate attributes are present:

(1) creation and maintenance for a business purpose or function;

(2) title to property held by trustees;

(3) centralized management;

(4) continuity of business existence uninterrupted by death among beneficial owners;

(5) transferability of interests; and

(6) limited liability.

296 U.S. at 359, 56 S.Ct. at 296. *See also, Rohman v. United States*, 275 F.2d 120, 123–24 (9th Cir.1960) (quoting the *Morrissey* factors).

The California law distinction between traditional trusts and "business trusts" has generally followed the analytic framework of *Morrissey*. *See Koenig v. Johnson*, 71 Cal. App.2d 739, 756, 163 P.2d 746 (1945) (relying

upon the *Morrissey* factors to determine whether the subject trust has sufficient corporate attributes to be taxed as a corporation). A "control" test has also been applied in some California cases to determine whether a particular entity is a business trust or a traditional trust. *Kadota,* 73 Cal.App.2d at 801, 167 P.2d 518; *Longridge,* 153 Cal. App.2d at 409, 314 P.2d 563. It appears to be a variant of *Morrissey,* differing primarily in emphasis. The "control" test focuses on the scope of authority vested in the trustee. If the trustee has the exclusive authority to manage the business, then it is treated as a traditional trust. Where the beneficiaries are vested with control, the trust is treated as a "business trust." *Kadota,* 73 Cal.App.2d at 801, 167 P.2d 518; *Longridge,* 153 Cal. App.2d at 409, 314 P.2d 563.

Transferability of the trust's beneficial interest also appears to be critical in distinguishing between a "business trust" and a traditional trust. "[E]very case that has involved a restriction on the transferability of the beneficiaries' interest, whether a nominee trust or not, has held the trust did not qualify as a debtor." *In re Woodsville Realty Trust,* 120 B.R. 2, 6 (Bankr.D.N.H. 1990) (Yacos, B.J.) (holding debtor to be a non-business trust and dismissing debtor's case). The mere fact that the trust happens to engage in business does not make it a "business trust." *Id.* at 5.

Bankruptcy courts have also consistently denied family and estate planning trusts the standing to pursue bankruptcies. Unlike business trusts, these trusts are almost always governed by state probate and estate laws, which offer an alternative forum for resolution of problems arising under the trust. *See, e.g., In re Constitutional Trust No. 2-562,* 114 B.R. 627, 632–33 (Bankr. D.Minn.1990) (Kressel, B.J.) (trust established for purpose of holding and protecting property was not a "business trust" and therefore not an eligible debtor under Chapter 7 or 11); *In re St. Augustine Trust,* 109 B.R. 494, 496 (Bankr.M.D.Fla.1990) (Corcoran III, B.J.) (holding that a "family trust," although engaged in some business activities, was not an eligible debtor and dismissed Chapter 11 petition); *In re Vivian Skaife*

*Irrevocable Trust Agreement No. 1,* 90 B.R. 325, 328 (Bankr.E.D.Tenn.1988) (Stair, B.J.) (holding that a "family trust" which engaged in business as one of many ways of furthering trust purposes was not a "business trust" and therefore dismissing the case); *In re Mosby,* 61 B.R. 636, 638 (E.D.Mo.1985), *aff'd,* 791 F.2d 628 (8th Cir.1986) (a "spendthrift" trust was not a "business trust" entitled to relief in Chapter 11). Intervivos trusts, established for the support or personal benefit of specified family members have uniformly failed to qualify as "business trusts." *See, e.g., In re Betty L. Hays Trust,* 65 B.R. 665, 668 (Bankr.D.Neb.1986) (Mahoney, B.J.) (holding that an intervivos family trust is not an eligible debtor and dismissing debtor's case).

Applying these functional tests to the Rim Trust confirms that it cannot properly be classified as a business trust. Most notably, the Trust lacks any demonstrated business purpose, transferability of interest, continuity of existence, or any provision for control by the sole beneficiary.

Using the "purpose" test of *Morrissey,* the Rim Trust fails to qualify as a "business trust." The stated purpose of the Trust is *non-business:* it was set up to operate exclusively for the benefit of its sole beneficiary to provide for his proper health care, education, maintenance and support, either through net income earned from or principal contained in the Rim Trust's assets. Consistent with this purpose, the Trust terminates upon his death, whereupon the assets are to be distributed to specified heirs.

Similarly, the Trust fails the "control" test. The Trust Agreement provides that the trustee has exclusive control of all trust activity, including whether and to what extent principal assets are to be paid out to the beneficiary. · The beneficiary has no input or control over the trustee's decisions or the Trust's operation. Most importantly, the Trust Agreement forbids any transfer or encumbrance of any interest in the principal or income prior to its actual receipt by the beneficiary.

In other words, the Trust is a classic spendthrift trust, not a "business trust." As such, this case would be potentially unadmin-

isterable because the assets of valid spend-thrift trusts are expressly excluded from the definition of "property of the estate." *See* 11 U.S.C. § 541(c)(2) ("A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title.").

For these reasons, this Court concludes that the Rim Trust is not a "business trust" in either form or function.

## III.  CONCLUSION

Because the Trust does not qualify as a corporation or partnership under California law, and because it exhibits none of the key *Morrissey* attributes or California case law requirements which functionally delineate a valid "business trust," it is not an eligible debtor under § 109(d).  It would contravene both the letter and the spirit of the Bankruptcy Code if individuals could file a bankruptcy case on behalf of an alter-ego trust, thereby "bring[ing] in a 'partial entity' to resolve liability problems without also subjecting 'all the assets relevant to the issue' to the reorganization process and the supervision of the bankruptcy court." *In re Village Green Realty Trust,* 113 B.R. at 109 (quoting *In re Gonic Realty Trust,* 50 B.R. 710 (Bankr.D.N.H.1985) (Yacos, B.J.)).  The appropriate remedy is dismissal of the Trust's bankruptcy petition.

This opinion shall constitute findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.  A separate order shall be entered forthwith.