In re John C. MOSBY, III, Trustee, under Trust Agreement dated February 21, 1966, for the benefit of John C. Mosby, III, Debtor.

John C. MOSBY, III, Trustee under Trust Agreement dated February 21, 1966, for the benefit of John C. Mosby, III, Plaintiff,

v.

BOATMEN'S BANK OF ST. LOUIS COUNTY formerly named Metro Bank/Clayton, Defendant,

and

A.R. Wishon, Intervenor.

Bankruptcy No. 84–01622(3).
Adv. No. 84–0330(3).

United States Bankruptcy Court,
E.D. Missouri, E.D.

Feb. 8, 1985.

Leslie A. Davis, Clayton, Mo., for debtor/plaintiff.

Audrey G. Fleissig, St. Louis, Mo., for defendant.

R. Brooks Kenagy, Steelville, Mo., for intervenor.

William J. Thone, St. Louis, Mo., for Federal Land Bank.

## MEMORANDUM OPINION

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court on two motions to dismiss the Chapter 11 Bankruptcy case. The first motion was filed on November 19, 1984 by the Boatmen's Bank of St. Louis County, which is also a defendant in an adversary complaint filed by the debtor-in-possession. The Bank has also moved for dismissal of the adversary proceeding. A Defendant/Intervenor, A.R. Wishon has not filed a separate motion or memorandum in this matter.

The second motion was filed on November 21, 1984, on behalf of the Federal Land Bank of St. Louis. On November 28, 1984, the debtor-in-possession filed a written response to the Bank's motions. Both of the creditors motions to dismiss are based upon an attack on the debtor's status as an entity entitled to proceed in a Chapter 11 case. Therefore, the debtor's response to the Bank's motion will apply to each of the two memoranda filed in this case. Although several legal issues have been suggested during the various hearings in this matter, this opinion will address only the Movants' attack on the Bankruptcy Court's jurisdiction. The question may be stated as follows: As a trustee under a written trust agreement, is this debtor entitled to obtain bankruptcy relief and proceed as a debtor-in-possession under Chapter 11? In determining the issues here, the Court has considered all documents in the file except a post-hearing brief filed by Boatman's Bank on January 24, 1985. The pertinent facts are not disputed.

On February 21, 1966, John C. Mosby created a trust estate for his son and daughter, John C. Mosby, III, and Mary Brockman. Machine photocopies of the Trust Indenture were attached to the several pleadings in this case. At a paragraph labelled, "FOURTH", the Indenture directed that the trust assets were to be divided into two separate trust estates: one-third of the asset value for the benefit of the Grantor's daughter, and two-thirds of the asset value for the benefit of the Grantor's son. The beneficiaries enjoyed the right to receive income from the trust during his or her lifetime, with the separate trusts to be paid over to their descendents upon the beneficiary's death.

The initial trust assets consisted of 9,900 shares of the common capital stock of the C.V. Mosby Company. These stocks were eventually exchanged for shares in the Times-Mirror Company of Los Angeles, California. The trust corpus may also have included shares of stock in a company called Sky Prints, Incorporated. In 1975 or 1976, John C. Mosby, III and his wife conveyed approximately 3,550 acres of real property to the Trust as a gift. On August 26, 1982, John C. Mosby, III, as Indenture Trustee, executed a promissory note in the amount of $565,600.00 secured by a deed of trust upon the Trust real estate. Both documents are now held by the Boatmen's Bank. After the Trust failed to repay the loan, the Bank foreclosed on the real property. On September 19, 1984, one day before the closing date for a resale of a portion of the property, John C. Mosby, III, as Indenture Trustee, filed a voluntary Chapter 11 petition for reorganization.

At the combined hearings on the complaint and the motions to dismiss, the In-

denture Trustee testified that after the stock certificates had been liquidated, the Trust purchased several parcels of residential real property which were intended to be later sold for a profit. He also stated that the real property which was acquired in 1975 or 1976 was used for hog and poultry operations until late 1971 or early 1972. Since that time, the acreage has been leased for pasture or as timber land.

The Bankruptcy Code provides that only a person that may be a debtor under Chapter 7 (Liquidation) may be a debtor under Chapter 11 (Reorganization). 11 U.S.C. 109(d). A "person" includes an individual, a partnership, and a corporation, but does not include a governmental unit. 11 U.S.C. 101(30). A corporation includes an unincorporated company or association, or a business trust, but not a limited partnership. 11 U.S.C. 101(8).

The debtor-in-possession in this case is not an individual or a partnership. By its own description, and by this Court's conclusion of law, it is a trust—that is, it is a fiduciary relationship with respect to property.

In the Report of the Committee on the Judiciary which accompanied H.R. 8200, which with only minor modification was adopted as the Bankruptcy Code of 1978, Congress specifically excluded a trust from the definition of a person at § 101(30).

The definition does not include an estate or a trust, which are included only in the definition of "entity" in proposed 11 U.S.C. 101(14). H.R., No. 95–595, 95th Cong. 1st S. (1977) 313; S.R. No. 95-989, 95th Cong. 2d Session (1978) 25, U.S. Code Cong. & Admin.News 1978, pp. 5787, 5811, 6270.

However, the inclusion of a business trust as part of the definition of a corporation at § 101(8) indicates the intent of Congress to differentiate between the generic trust arrangement, and a specific business trust arrangement. The former may not proceed as a debtor under the Bankruptcy Code; but a true business trust may avail itself of the relief offered by the reorganization provisions of Chapter 11.

The evidence in this case clearly indicates that John C. Mosby created this fiduciary relationship for the purpose of protecting and preserving assets for the benefit of certain family members. He empowered the trustees to manage and control the trust estate, to sell or transfer trust assets, to invest and reinvest any part of the estate, and to do all such acts with relation to the estate property as if they were the absolute owners thereof. After paying certain sums to specifically identified individuals, the trustees were directed to pay monies from the "Son's Trust" and the "Daughter's Trust" to the son and daughter for their support, maintenance, education and comfort. Upon the death of the grantor's son and daughter, their respective trusts are to be paid over to their living descendants. The powers and duties established by John C. Mosby are generally associated with what may be described as a classic family trust.

However, a "Business Trust" at law, and as intended by Congress, is a specialized entity. It is in the nature of a corporation, created by an instrument for the benefit and profit of persons holding transferable certificates reflecting interests in the trust estate. In most instances, the certificates of interest reflect voluntary capital contributions by a number of individuals, who in turn enjoy varying degrees of limited personal liability for the obligations which may arise from operation of the business trust. *See, In re John M. Cahill, M.D. Associates Pension Plan, Debtor,* 15 B.R. 639, 5 C.B.C. 2d 846 (Bkrtcy.E.D.Penn. 1981); *Associated Cemetery Management Incorporated v. Barnes,* 268 F.2d 97 (8th Cir.1959); *In re Armstead and Margaret Wayson Trust,* 29 B.R. 58 (Bkrtcy. Maryland 1982).

This debtor has cited *In re Dreske Greenway Trust,* 14 B.R. 618 (Bkrtcy.E.D. Wisc.1981), as authority for its contention that it should be recognized as a business trust. Although the facts in the cited case are similar to the case at bar, it is clear that the Dreske Trust was established for the purpose of conducting a business and

making a profit, with only limited personal liability for the investors. It is equally clear from the record here that the Mosby Trust was created to preserve and protect certain assets for the benefit of members of the grantor's family. In providing this protection and preservation, the Mosby trustees are authorized to engage in such business operations as, in their discretion would provide assets for the support and maintenance of the beneficiaries. However, they are not required to perform their duties by engaging in a particular type of business; and in fact, they may protect the assets by means other than the operation of a business.

Therefore, the Trust created by John C. Mosby is not a business trust, and is not otherwise entitled to proceed as a debtor under the Bankruptcy Code. By separate Order the motions to dismiss are being GRANTED.