### In re MARGARET E. DeHOFF TRUST I, Debtor.

**Bankruptcy No. 90–60302–S–11.**

United States Bankruptcy Court, W.D. Missouri, S.D.

May 8, 1990.

**190**

Jeff Love, Springfield, Mo., for Landmark Bank.

James R. Doran, Springfield, Mo., Attorney for debtor.

## ORDER DISMISSING CASE

KAREN M. SEE, Bankruptcy Judge.

Pending is the motion of creditor Landmark Bank of Southwest Missouri to dismiss this case for the reason a trust is not eligible to be a debtor under 11 U.S.C. 109. The issue is whether the debtor is a business trust and, therefore, eligible to be a debtor, or a personal estate-planning trust and not eligible.

The following findings of fact are derived from an evidentiary hearing on April 2, 1990, at which John Franklin White, Jr., the grandson of settlor and beneficiary Margaret DeHoff, testified.

On January 1, 1990, settlor Margaret DeHoff executed an irrevocable inter vivos trust naming herself as beneficiary and a grandson, Judson White, trustee. A second grandson, Paul F. White, Jr., was later made a co-trustee. It is clear from the terms of the trust instrument that the trust was intended as and in fact is a classic estate-planning trust to provide for the support of Margaret DeHoff for her life and for disposition of the assets of the trust to family members after her death.

Item I of the trust provides for conveyance to the trust of certain property, to be itemized in an Exhibit A to the trust instrument. However, there was no Exhibit A, so the information concerning property owned by the trust was from the testimony of grandson Paul White, Jr., co-trustee of the trust.

The trust property he described included a tract of real estate on East Sunshine, a busy commercial street in Springfield; stock in a cattle business known as Hidden Valley Land and Cattle Company, located on 1500 acres on non-contiguous tracts in three Missouri counties; and one-third ownership of a company known as Associated Computers.

Item II of the trust provides that the trust income is to be paid to the beneficiary, Margaret DeHoff, monthly or as often as the beneficiary shall desire, but at least once a year, for her life. The trustee has discretion to pay to the beneficiary principal if the income from the trust and her other sources of income are insufficient to provide for the beneficiary's comfortable support and maintenance. The trustee is further authorized, if he deems it inadvisable to make payments directly to the beneficiary, to apply the income and principal for her support and medical care, taking into consideration both the standard of living to which the beneficiary is accustomed

and the income available to the beneficiary from other sources. After the beneficiary's death, the trustee is directed to pay the expenses of the beneficiary's last illness and funeral. The trust instrument also provides that the "income beneficiary elects to be treated as the trust's owner."

The debtor trust, Margaret DeHoff Trust I, is part of a larger, family estate plan involving additional trusts. For example, the debtor trust also owns one third of a family business known as Associated Computers. The other two thirds is owned by two trusts settled by Margaret DeHoff's son, John Franklin White. The trusts are named the John Franklin White Trust I and John Franklin White Trust II. The beneficiaries of these trusts are two children of John Franklin White, Jr., who testified at the hearing, i.e. great-grandchildren of Margaret DeHoff and grandchildren of John Franklin White.

John Franklin White, Jr. is: father of the two beneficiaries of the Paul Franklin White Trusts I and II; sole trustee of the John Franklin White Trusts I and II established by his father for the benefit of his children; grandson of Margaret, the settlor and beneficiary of the debtor trust; trustee of the debtor Margaret DeHoff Trust I; and president and manager of Associated Computers and Hidden Valley Land and Cattle Company, the two businesses owned and operated by the three family trusts.

As to the nine acre commercial tract on East Sunshine Street which debtor Margaret DeHoff Trust I owns, the grandson Paul F. White, Jr. testified there were plans to eventually develop the property into a commercial office and retail complex.

11 U.S.C. 109(d) provides that "[o]nly a person that may be a debtor under Chapter 7 ... may be a debtor under Chapter 11." The definition of person "does not include an estate or a trust, which are included only in the definition of entity in 11 U.S.C. 104(14)." H.R.Rep. No. 595, 95th Cong., 1st Sess., 313 (1977); S.Rep. No. 989, 95th Cong., 2d Sess., 25 (1978); U.S.Code Cong. & Admin.News 1978, pp. 5787, 5811, 6270.

Section 101(35) defines a person to include an individual, partnership, and corporation. Section 101(8) provides that a corporation includes an unincorporated company or association or a business trust.

Inclusion of a business trust, as opposed to a trust generally, in the definition of corporation indicates Congressional intent to distinguish a business trust from other types of trusts such as estate-planning trusts. "In denying general eligibility to trusts, Congress presumably viewed trusts, even those of the inter vivos variety, as being much like estates in that they are typically enmeshed in an estate plan and are under the control of state probate courts." *In re Medallion Realty Trust*, 103 B.R. 8, 11 (Bankr.D.Mass.1989).

A business trust is something more than a trust that carries on business activities. *Hecht v. Malley*, 265 U.S. 144 (1924). Distinguishing characteristics of a business trust include:

1. a trust created and maintained for a business purpose;
2. title to property held by a trustee;
3. centralized management;
4. continuity uninterrupted by death of beneficial owners;
5. transferable certificates of interest; and
6. limited liability.

*Morrissey v. Commissioner*, 296 U.S. 344 (1935).

A business trust is in the nature of a corporation, created for the benefit and profit of persons holding transferable certificates representing interests in the trust. *In re Treasure Island Land Trust*, 2 B.R. 332, 334 (Bank.M.D.Fla.1980) stated the test for determining whether a trust is a business trust is whether the trust was created specifically for the purpose of carrying on a business or commercial activity for profit or whether the trust was created to preserve the trust res. *In re Medallion Realty Trust*, supra, explained that the test is "whether the trust was created to transact business for the benefit of investors."

The Bankruptcy Code provisions referenced above and interpretive case law

make it clear that the Code was not intended to provide relief for traditional estate-planning trusts created for the benefit of family members. The court finds controlling the decision in *In re Mosby*, 61 B.R. 636 (E.D.Mo 1985), affirmed 791 F.2d 628 (8th Cir.1986), which held that a family spendthrift trust, created to preserve and protect certain assets for the benefit of members of the settlor's family, was not a business trust and, therefore, could not seek protection under Chapter 11.

In the present case, the trust was not established to carry on commercial activities for profit for investors. Rather, it was established primarily as a family estate-planning scheme to provide for the maintenance of Margaret DeHoff, and then for distribution of various assets to family members including grandchildren and great-grandchildren. The court concludes that the Margaret DeHoff Trust I is not a debtor eligible for relief under Title 11, U.S.C.. Accordingly, for the foregoing reasons, it is hereby

ORDERED that the motion of Landmark Bank of Southwest Missouri to dismiss this Chapter 11 proceeding is hereby GRANTED, and this proceeding is DISMISSED.