## In re WESTGATE VILLAGE REALTY TRUST, Debtor.

### Bankruptcy No. 93–11320.

United States Bankruptcy Court,
D. New Hampshire.

June 10, 1993.

Peter J. Saari, Casassa & Ryan, Hampton, NH, for debtor.

Joseph D. Leverone, Manchester, NH, for FDIC.

Geraldine B. Karonis, Manchester, NH, Asst. U.S. Trustee.

## MEMORANDUM OPINION AND ORDER

JAMES E. YACOS, Bankruptcy Judge.

The Court has before it the question of whether the debtor is a qualified debtor to file a bankruptcy case in that it is a trust and the issue has been raised both on an order to show cause and by the F.D.I.C. as to whether the debtor can show that it is a business trust qualified under the Bankruptcy Code to file a petition. This Court in a series of cases culminating in *In re BKC Realty*, 125 B.R. 65 (Bankr.D.N.H. 1991), has set forth what it believes are the requisites for a debtor to establish that it is a business trust and therefore qualified to be a debtor under the Bankruptcy Code. I will not repeat those here but just incorporate them by reference because I spent some time setting that out in detail in reported opinions.

The present case involves a trust which holds a sizable apartment project under which the trustee is collecting the rents and arranging the maintenance and upkeep of the project through a management company that the trustee retained for that purpose. The trustee is Robert Tobias and he and his wife are each 25 percent beneficiary owners of the trust. The other 50 percent is held by a Mr. Ryan and his wife which was acquired in approximately 1987 by forgiveness of some $100,000 in debt owing by the Tobias' to the Ryans.

The trust involves transferrable interest as demonstrated by the acquisition of 50 percent interest by the Ryans as stated above. The trust does not involve third party outside investors in a business enterprise in the sense of outside third parties contributing capital to the business enterprise itself. The Ryans acquired their interest as I've said by forgiving debts owed to them by the Tobias' personally.

Under the terms of the trust the trustee has no legal power to deal with a trust res except upon explicit direction by the beneficiaries. The offer of proof indicates that in actual practice the beneficiaries have generally delegated the operation of the business such as it is to the trustee. As I said the trustee in turn has arranged that the business operation be conducted by a management company for a fee. The trust filed separate tax returns until 1990 but apparently has not filed such since. The FDIC has offered to show, and its considered part of the record, that the Ryans have not themselves contributed any capital directly to the enterprise since their acquisition of the 50 percent interest and that withdrawals from the trust properties have been made to the Tobias' and their relatives but not to the Ryans. It is also uncontroverted that the trust has failed to pay substantial amounts of property taxes which approximate $300,000 at present time.

The termination of the trust is under what counsel rightly calls an odd provision which says that the trust will terminate 20 years after the death of the last appointed trustee. Aside from interesting questions under the Rule Against Perpetuities it would appear to me that this trust is just as permanent as most corporations so I don't think that takes away from the debtor's position.

The trust does serve to have limited liability for the beneficiaries, inasmuch as the trust alone deals with the trust property and incurs any debts, and the trust alone is liable for the trust debts. As a qualification to that proposition the FDIC or its predecessor bank required personal guarantees from Mr. Tobias but in terms of the entity involved it obviously was set up to provide limited liability by only dealing itself with potential creditors related to the Westgate apartment operation.

Mr. Tobias and his wife are presently debtors in a chapter 11 case pending in Massachusetts although there is some statement that a motion to dismiss that case is pending to be heard in that court at the end of this month. For whatever reason the debtors in that case have not sought to administer the trust assets through that chapter 11 proceeding but have filed this separate case. That may or may not relate to the fact that the Ryans now have a 50 percent interest in the trust.

■ The debtor argues that this trust is "more like a corporation than a family trust" and that it does serve to have limited liability like a small closed corporation and therefore the Court should find that the trust has substantial attributes of a corporation to support a determination that it is a qualified debtor.

■ The requirement of substantial attributes of a corporation however is not the entire requirement to establish that a trust is a qualified debtor. See, e.g., *In re BKC Realty Trust*, 125 B.R. 65 (Bankr.D.N.H. 1991); *In re Woodsville Realty Trust*, 120 B.R. 2 (Bankr.D.N.H.1990); and *In re Gonic Realty Trust*, 50 B.R. 710 (Bankr.D.N.H. 1985). In this case the trust was obviously organized for family purposes and so far at least has not made any distributions except to family members. Moreover it is set up with a trustee that is legally at least completely controllable by the beneficiaries as opposed to the delegation of authority inherent in a corporate structure. I realize that a small close corporation may be set up exactly the same and it legally may look one way but the beneficiaries may if they are family members in effect control the so-called president and other officers in actual practice in some cases.

The Court of Appeals for the First Circuit has not passed on this question since *Pope & Cottle Co. v. Fairbanks Realty Trust*, 124 F.2d 132 (1st Cir.1941) and it is my reading of that case and the First Circuit's position that the business trust language came out of an historical situation in which Massachusetts had business trusts that were in every aspect—except in name—really corporations but for state tax reasons were denominated business trusts and it was that situation that Congress was reacting to when it said that trusts cannot be debtors unless they are business trusts. It should be noted that this entire issue stems from the definition of "corporation" in the bankruptcy statute. 11 U.S.C. § 101(9)(A)(V).

■ The First Circuit accordingly in my judgment viewed the question as to whether the debtor before it was a business *enterprise* trust as opposed to a simple *family* trust in which while preserving the trust res the trust necessarily would engage in some limited business activities. The distinction, between a business enterprise trust and a family trust that has incidental business activity, is that the business enterprise trust at the outset is organized by a group of investors who are seeking to not only operate a business but profit from it from the employment of their invested risk capital. It is my judgment that this trust does not meet that test as an aspect of the dividing line that Congress must have intended to exclude some trusts from bankruptcy court relief.[1] The record here does not show that this trust is more like a business enterprise trust then a family trust that has incidental business activities.

For that reason the Court will enter an order determining that the debtor is not a qualified debtor inasmuch as it has failed

---

1. If incidental business activity can transform a family trust into a qualified debtor then the dividing line really would evaporate since almost every family trust of realty or commercial property would involve some business activity in terms of upkeep and maintenance of the property together with paying taxes and other bills until the property is to be liquidated and distribution is made to family members. Since Congress obviously intended a dividing line that would exclude some trusts the courts have struggled to develop a meaningful one. Admittedly, the task is somewhat difficult in the absence of any legislative history stating the underlying purpose of the statutory reference and the fact that the Massachusetts business trust device is no longer as widely employed as was true in the 1920's and 1930's. Congress in enacting the 1978 Bankruptcy Code does not define or explain what "business trust" is supposed to mean in this new situation. This Court, as well as other courts, therefore can only implement a presumed legislative intent as best as can be done in the circumstances. But see *In re Keniston*, 85 B.R. 202, 224–225 (Bankr.D.N.H. 1988) for an instance in which a court may conclude that a "legislative sausage" produced by Congress evidences no clear legislative intent whatsoever in the sense of any meeting of the Congressional mind. This is not such a case since courts can and have been able to fashion a dividing line even in the absence of a legislative definition of the concept involved. Cf. also the distinctions suggested in Annotation, Massachusetts Business Trusts, 88 A.L.R.3d 704, §§ 2, 3, 56, 57.

to meet its burden to show that it is in fact a business trust.

DONE and ORDERED.