### In re HUGHES LIVING TRUST, Debtor.

#### No. 03–19089–BH.

United States Bankruptcy Court, W.D. Oklahoma.

Jan. 21, 2004.

Roland V. Combs, III, Oklahoma City, OK, Counsel for Debtor.

C. Craig Cole, Oklahoma City, OK, Counsel for Frontier State Bank.

Susan Manchester, Oklahoma City, OK, for Trustee.

## ORDER DISMISSING PETITION

RICHARD L. BOHANON, Bankruptcy Judge.

The issue is whether or not the petition should be dismissed because the presumed Debtor is a trust not eligible to be a debtor under the Bankruptcy Code. Following a hearing, the parties submitted briefs.[1] Based upon the evidence in the record and the law, I can only conclude that the petition must be dismissed for the Trust is not eligible to be a debtor.

### Background

It is undisputed that the Trust was established for estate planning purposes by Brian McKye and his former wife in 1995.

According to McKye, he subsequently began to use the Trust as a vehicle for conducting business.

Though the Trust does conduct some business, it has no board of directors or officers. There is also no evidence of transferable certificates that would entitle the holder to a share of the income generated by the Trust. Likewise, there is no evidence that the trust res was contributed in order to pool capital for investment. Instead, the evidence shows that the initial trust res was transferred for estate planning purposes.

The Court concludes that these facts show that the Trust is ineligible to be a debtor under the Bankruptcy Code.

### Discussion

■ The Bankruptcy Code makes clear that only a "person" can be a debtor. *See* 11 U.S.C. § 109(a). "Person" is defined at 11 U.S.C. § 101(41) to include corpora-

---

1. The Trustee for both the bankruptcy estate of Brian McKye (Case No. 03–19087–BH) and for this bankruptcy estate, also filed a brief in which she argued for dismissal, contending this Trust is property of McKye's bankruptcy estate. The Court does not address this issue in this case without prejudice for the Trustee to raise it in the affiliated case.

tions. "Corporation" in turn includes a "business trust." *See* 11 U.S.C. § 101(9).

■ Congress made a crucial judgment by restricting eligibility to be a debtor to "persons" rather than "entities" for "entity" is defined in the Bankruptcy Code to include a "trust." *See* 11 U.S.C. § 101(15). The distinction made between the definition of a "business trust" as a "person" and a "trust" as an "entity" is significant for it imparts a clear statement that a "business trust" is eligible to be a debtor, while an ordinary trust is not. *See In re Sung Soo Rim Irrevocable Intervivos Trust,* 177 B.R. 673, 675 (Bankr.C.D.Cal.1995); *and Mosby v. Boatmen's Bank of St. Louis County (In re Mosby),* 46 B.R. 175, 177 (Bankr.E.D.Mo.1985). *See also,* H. Rep. No.95–595 (1977), S. Rep. No 95–989, at 25 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5811 ("The definition [of 'person'] does not include an estate or a trust, which are included only in the definition of 'entity' . . . .").

The Code does not define "business trust" so it falls to the courts to define the term. The Court of Appeals for the Tenth Circuit has not addressed the applicable criteria for a "business trust," and a review of the case law shows there is no uniformity on the issue. *See* Takemi Ueno, *Defining a "Business Trust": Proposed Amendment of Section 101(9) of the Bankruptcy Code,* 30 Harv. J. on Legis. 499, 502 (Summer 1990). However, courts

faced with this issue generally have considered two factors: (1) whether the trust has characteristics of a corporation, and (2) whether the primary purpose for creation of the trust is to operate a business enterprise. *See, e.g., Merrill v. Allen (In re Universal Clearing House Co.),* 60 B.R. 985, 991–93 (D.Utah 1986).

■ A business trust is similar to a corporation in form and function.[2] One court explained:

> It is in the nature of a corporation, created by an instrument for the benefit and profit of persons holding transferable certificates reflecting interests in the trust estate. In most instances, the certificates of interest reflect voluntary capital contributions by a number of individuals, who in turn enjoy varying degrees of limited personal liability for the obligations which may arise from operation of the business trust.

*In re Mosby,* 46 B.R. at 177 (citations omitted). *See also, In re L & V Realty Trust,* 61 B.R. 423 (Bankr.D.Mass.1986) (holding that trust was not a business trust where the trust in question had none of the characteristics similar to a corporation); *In re BKC Realty Trust,* 125 B.R. 65, 66–68 (Bankr.D.N.H.1991)(same); *and In re Sung Soo Rim,* 177 B.R. at 677 ("In general, business trusts have been characterized as a form of quasi-corporation which apparently first developed under Massachusetts law.").

**2.** Another term for a business trust is "Massachusetts trust." *See In re L & V Realty Trust,* 61 B.R. 423, 424 (Bankr.D.Mass.1986). The Supreme Court defines a "Massachusetts trust" as follows:

> The "Massachusetts Trust" is a form of business organization, common in that State, consisting essentially of an arrangement whereby property is conveyed to trustees, in accordance with the terms of an instrument of trust, to be held and managed for the benefit of such persons as may from

time to time be the holders of transferable certificates issued by the trustees showing the shares into which the beneficial interest in the property is divided. These certificates, which resemble certificates for shares of stock in a corporation and are issued and transferred in like manner, entitle the holders to share ratably in the income of the property, and, upon termination of the trust, in the proceeds.

*Hecht v. Malley,* 265 U.S. 144, 146–47, 44 S.Ct. 462, 68 L.Ed. 949 (1924).

Here, the Trust does not have the hallmarks of a corporation that would qualify it as a business trust. There are no certificates that entitle the holders to share in the income, and the initial trust res was contributed not for investment but for estate planning reasons.[3] These factors support the conclusion that the Trust is a private family trust, not a business or "Massachusetts trust."

■ The Trust argues that since it conducts business, it is a business trust. However, the Code requires more than just a trust that incidentally conducts business. A similar argument was made and rejected in *In re Westgate Village Realty Trust*, 156 B.R. 363 (Bankr.D.N.H.1993). The court in *Westgate Village* noted the obvious flaw with the debtor's argument:

> If incidental business activity can transform a family trust into a qualified debtor then the dividing line really would evaporate since almost every family trust of realty or commercial property would involve some business activity in terms of upkeep and maintenance of the property together with paying taxes and other bills until the property is to be liquidated and distribution is made to family members.

*Id.* at 365 n. 1. I agree with this analysis; the fact the Trust conducts business does not transform it into a business trust.

The distinctions between a "trust" and a business trust are important.[4] An often cited case explains the difference as follows:

> The basic distinction between business trusts and nonbusiness trusts is that business trusts are created for the purpose of carrying on some kind of business or commercial activity for profit; the object of a nonbusiness trust is to protect and preserve the trust res. The powers granted in a traditional trust are incidental to the principal purpose of holding and conserving particular property, whereas the powers within a business trust are central to its purpose. It is the business trust's similarity to a corporation that permits it to be a debtor in bankruptcy.

*In re Treasure Island Land Trust,* 2 B.R. 332, 334 (Bankr.M.D.Fla.1980).

Here, the admitted primary purpose of creation of the Trust was estate planning. That McKye chose to utilize the Trust as a vehicle to conduct business does not alter the conclusion that it is not a business trust.

In summary, I find that the Trust does not have the characteristics of a corporation such that it would be considered a business trust. Thus, I conclude that it is not a "business trust" and, consequently, is

---

**3.** The Court is mindful that some decisions have concluded that transferable shares are not relevant for deciding whether a trust qualifies as a "business trust." *See, e.g., In re Gonic Realty Trust,* 50 B.R. 710, 713 (Bankr. D.N.H.1985). However, the situation in *Gonic* differs from the present one for in that case, unlike here, the beneficial interests in trust were freely transferable. *See id.* at 711. Here, the trust instrument expressly specifies that "no beneficiary shall have authority or power to sell, assign, transfer, encumber or in any manner to dispose of a beneficial interest."

**4.** The different nature of a family trust and a corporation is obvious also in other legal aspects. For instance, I have previously held that the alter ego doctrine and the doctrine of "piercing the corporate veil", which are creatures of corporate law, did not apply to a family trust. The basis for this conclusion is that a trust is fundamentally only a contractual relationship, and it is not an entity in the ordinary sense of that term. *See Babitt v. Vebeliunas (In re Vebeliunas),* 252 B.R. 878, 886–87 (Bankr.S.D.N.Y.2000), *aff'd Babitt v. Vebeliunas (In re Vebeliunas),* 332 F.3d 85 (2nd Cir.2003)(reversing decision of the district court that reversed bankruptcy court).

not eligible to be a debtor under the Bankruptcy Code.

### *Conclusion*

Accordingly, the petition is dismissed.